UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CR-065-REW-HAI-1 |
| v. | ) | |
| | ) | |
| ELIAS DIAZ-SANCHEZ, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 25 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Elias Diaz-Sanchez's guilty plea and adjudge him guilty of Count One of the Indictment, *see* DE 7 (Indictment); DE 24 (Plea Agreement); DE 26 (Recommendation). Judge Ingram expressly informed Diaz-Sanchez of his right to object to the recommendation and secure *de novo* review from the undersigned. See DE 26 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 26, **ACCEPTS** Diaz-Sanchez's guilty plea, and **ADJUDGES** Diaz-Sanchez guilty of Count One of the Indictment; and

2. The Court will issue a separate sentencing order.[1]

This the 28th day of November, 2022.

Signed By:
Robert E. Wier /s/ REW
United States District Judge

---

[1] Judge Ingram remanded Diaz-Sanchez to custody post-plea. *See* DE 25. This was Diaz-Sanchez's status in advance of the hearing. *See* DE 6. Diaz-Sanchez will remain in custody pending sentencing.